Romano CAMPOLI, Plaintiff–
Appellant,

v.

HEALTHEXTRAS, INC.,
Defendant–Appellee,

Chubb Group of Insurance Companies,
Federal Insurance Co., and Sklover
Group, Inc., Defendants.

No. 06–0539.

United States Court of Appeals,
Second Circuit.

April 6, 2007.

Jim Waide, Tupelo, MS, for Appellant.

Mary A. Gambardella, Epstein, Becker
& Green PC, Stamford, CT, for Appellee.

PRESENT: Hon. ROBERT D. SACK,
Hon. B.D. PARKER and Hon. PETER W.
HALL Circuit Judges.

## SUMMARY ORDER

This lawsuit arises out of a denial of disability benefits under the plaintiff's $1 million disability insurance policy. Defendant-appellee HealthExtras, the lone remaining defendant markets various insurance policies through benefit programs, through which other insurance companies and financial institutions provide the actual insurance coverage. Pursuant to a scheduling order issued by the district court, the plaintiff filed a First Amended Complaint on January 5, 2005. The plaintiff conceded in his brief and at oral argument that the First Amended Complaint contained only two claims against HealthExtras: a misrepresentation claim and a claim that the defendant was vicariously liable as a joint venturer for a breach of contract. The district court granted summary judgment for the defendant on both of those claims. The plaintiff does not appeal those rulings.

Instead, even though the plaintiff concedes that he did not include a direct claim for breach of contract in the First Amended Complaint, he argues that this claim should be inferred as a legal theory from the complaint and the documents attached thereto. In addition, the plaintiff challenges the district court's denial of leave to amend the complaint to include such a claim.

"We review *de novo* a district court's determination of whether a plaintiff's complaint complied with the notice pleading requirements of Fed.R.Civ.P. 8." *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968 (9th Cir.2006); *cf. Faulkner v. Beer,* 463 F.3d 130, 133 (2d Cir.2006) ("We . . . review a dismissal for failure to plead with particularity as required by Rule 9(b) *de novo.*"). "The standard for reviewing the denial of a motion to amend a complaint is 'abuse of discretion.'" *Sista v. CDC Ixis North America, Inc.,* 445 F.3d 161, 177 (2d Cir.2006) (internal quotation marks and citation omitted). "Similarly, a scheduling order ruling under Federal Rule of Civil Procedure 16(b) is also reviewed for abuse of discretion." *Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir.2003) (citation omitted).

■ "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Here, even under a generous reading, the First Amended Complaint did not confer "fair notice" to the defendant of a putative breach of contract claim. No such claim was expressly included in the complaint, and, as the district court correctly noted, the elements of such a claim were not implied thereby or by the documents attached to the complaint. The district court therefore properly determined that the First Amended Complaint failed to include a "short and plain statement of the claim" that gave fair notice to the defendant of the substance of the breach of contract allegations.

■ The district court did not abuse its discretion in denying the plaintiff leave to amend the complaint in order to add a breach of contract claim. The district court first noted that the plaintiff had not demonstrated "good cause" to modify the scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. It then explained how such leave would prejudice the defendant in several significant ways. We find that, based on either rationale, the

denial of the plaintiff's request was well within the sound discretion of the district judge.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.